FILED ENTERED
LOGGED RECEIVED

FEB 23
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DEPOSIT BOX

**UNITED STATES DISTRICT COURT**
**FOR MARYLAND**

| | | |
|---|---|---|
| **IBRAHIMA DIENG**<br>**13104 CHALKSTONE WAY**<br>**SILVER SPRING, MD 20904** | ) | |
| Plaintiff, | ) | |
| v. | ) | **Civil Action No.** 8:21-cv-00482-TDC |
| **WESTERN PEST SERVICES/ORKIN/**<br>**ROLLINS INC**<br>**202 PERRY PARKWAY #2**<br>**GAITHERSBURG, MD 20877** | ) | |
| Defendants. | ) | |

**COMPLAINT FOR RELIEF FROM**
**DISABILITY DISCRIMINATION IN EMPLOYMENT**

**1.** Mr Ibrahima Dieng, originally from Dakar, Senegal is a very knowledgeable and kind pest control technician who used to run routes for Western Pest Services . He was one of the best techs, exceeded customers expectations and even stopped other tech's customers from cancelling their contract with the company. Clients loved his work and were highly satisfied with his performance. After an accident at work in which he tore his left knee meniscus, he was not given prompt attention and therefore was forced to work with his injury that left him with a gravely swollen knee for nine months. Then was finally approved for workers comp and underwent knee surgery. He was out for physical therapy for nearly 6 months and after two attempts to resume normal work he got new injuries, bruised right knee cap due to a weakened right knee, caused by

overcompensating during nine month . His doctor ruled that he could no longer perform full duty and suggested light duty job. When he asked his managers to accommodate his disability they simply never did anything and thereby failed to accommodate his disability.

2. He had also been refused/denied employee benefits that were instead given to both an African American female coworker and a Caucasian female coworker making him think that he was discriminated against because of his gender and national origins.. he had made many attempts to recover his due rewards by contacting his managers ang supervisors via text message, email, and verbally but got ignored each time.

## JURISDICTION, VENUE AND PARTIES

3. Plaintiff, Ibrahima Dieng is a resident of MD

4. Defendant, Western Pest Services in partnership with Orkin, both owned by Rollins inc with a total number of 14952 employees

## FACTUAL BACKGROUND

5. Ibrahima Dieng was part of a team of commercial technicians that ran daily routes. His duties included and were not limited to operating a company vehicle to get to commercial and residential structures to deliver pest control services which were servicing rodent stations, addressing pest issues, communicating with customers, suggesting fixes, safely treating affected areas, carrying equipment, inspecting common areas, outside perimeter, placing monitors, advising and educating customers about our integrated pest management approach.

6. He also sold various other services as intensive after hour treatments, gave leads to sales department and helped solve other technician's customer pest issues

7. He kept his route with nearly no cancellations and sustained a great report with his all customers

8. In 2016 his doctor ruled that he could only perform light duty work and he provided notice of his disability to his employers and asked for reasonable accommodation. There were light duty positions in his office at that time and even in other pest control offices owned by Rollins and they did nothing about it

9. between 2014 and 2016 he helped recruit two employees and was denied both his employee referral bonus which was instead paid to an African American female coworker. He had shown the text conversation between him and his supervisor exchanging thoughts about the new employees to his manager and got ignored.

10. Added to the facts, Jennifer Craine, a Caucasian American who helped Mr Dieng get hired by the company in 2009 was paid her bonus for referring him.

11. By terminating his employment, Western pest failed to reasonably accommodate Mr Dieng's disability.

12. Western Pest unlawful actions have caused Plaintiff severe financial and emotional injuries, including the loss of salary and other benefits of employment, divorce, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses. Plaintiff enjoyed the work and his colleagues with Rollins and expected to remain as a productive member of the Rollins staff until the date of his natural retirement. The unexpected termination of his employment, on the heels of his recovery from his disabling injury, caused his tremendous emotional distress. He got evicted from his home after him and his family of five girls and one boy lived with cut off water for a whole month.

13. Western Pest unlawful actions were willful, malicious and/or taken in reckless disregard of Mr Dieng's rights under the law.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

14. All prerequisites to bringing this action have been satisfied. Plaintiff timely filed a complaint of discrimination with the Equal Employment Opportunity Commission. Both defendants were notified of the charge, and Defendant Western Pest/Orkin/Rollins inc, sent a representative in an unsuccessful attempt to mediate a resolution of the charge. Plaintiff has timely filed this lawsuit after receiving a notice of right to sue.

**COUNT ONE**
**DISABILITY DISCRIMINATION (Failure to Accommodate)**

15. All factual allegations of Paragraphs 1-28 are incorporated herein.

16. Defendants failed to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, and instead unlawfully terminated her employment.

**COUNT TWO**
**INTENTIONAL DISABILITY DISCRIMINATION**

1. All factual allegations of Paragraphs 1-28 are incorporated herein.
2. Defendants intentionally discriminated against Plaintiff in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008, by refusing to accommodate her disability and instead terminating her employment because of her disability.

**RELIEF**

WHEREFORE, Plaintiff requests that this Court award her:

1) reinstatement in the position that he would have held in the absence of discrimination, retroactive to the first date of the unlawful termination of his employment; if the Court determines (for whatever reason) not to reinstate Plaintiff, then Plaintiff seeks front pay in lieu of reinstatement to compensate Plaintiff for all future financial loss resulting from the discrimination;

2) back pay, retroactive to the date of his termination, and repayment of all salary, bonuses, awards, benefits, and other privileges of employment that he lost as a result of the discrimination;

3) compensatory damages in an amount to be proved at trial, including compensation for the pain, humiliation, emotional distress and loss of enjoyment of life that the discrimination has caused plaintiff;

4) punitive damages in an amount to be proved at trial;

5) reasonable attorneys' fees and expenses;

6) prejudgment interest on all monetary sums awarded;

7) such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests trial by jury as to all issues in this case.

IBRAHIMA DIENG

13104 CHALKSTONE WAY
SILVER SPRING, MD 20904
(240) 421 5887
ETU.ART@GMAIL.COM