**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IBRAHIMA DIENG,**<br><br>**Plaintiff,**<br>**v.**<br><br>**WESTERN PEST SERVICES, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 21-cv-0482-TDC** |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Defendants, Western Industries-North, LLC ("Western"), Orkin, LLC[1] ("Orkin") and Rollins, Inc. ("Rollins") (collectively, "Defendants"), through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submit the following Memorandum in Support of their Motion to Dismiss, and state as follows:

## INTRODUCTION

Plaintiff brings this lawsuit against his former employer and two affiliated entities under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), asserting claims that the company discriminated against him on the basis of his alleged disability. As fully described below, this lawsuit is time-barred and must be dismissed because Plaintiff failed to file this lawsuit within 90 days after receiving a right-to-sue notice from the EEOC, as the ADA mandates. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1); *Woodbury v. Victory Van Lines*, 286 F. Supp.3d 685, 695 (D. Md. 2017) (Chuang, J). As explained below, Plaintiff filed this lawsuit 55 days after the filing deadline, which mandates dismissal of the lawsuit in its entirety.

---

[1] The Complaint incorrectly identifies Defendants Western and Orkin as "Western Pest Services" and "Orkin, Inc.," respectively.

# BACKGROUND

## A. Underlying Facts

The following underlying facts are set forth in the Complaint:

Defendants Western, Orkin and Rollins, affiliated entities, are engaged in the pest control business.[2] (Cp. ¶¶ 1, 4). Plaintiff was employed by Western as a pest control technician. (Cp. ¶ 1). Plaintiff alleges that he suffered a workplace knee injury, which required leave for surgery, recovery and physical therapy. (Cp. ¶ 1). After his return to work and a re-injury, Plaintiff's physician determined that he could not work full duty but could only perform "light duty work." (Cp. ¶¶ 1, 8). Plaintiff alleges that his managers failed to assign him light duty work and thus failed to provide reasonable accommodation for his claimed disability. (Cp. ¶¶ 1, 8). Western subsequently terminated Plaintiff's employment, though the Complaint provides no details as to the facts and circumstances of his termination. (Cp. ¶ 11).

## B. Procedural Background

On or about March 13, 2017, Plaintiff filed a charge of discrimination (the "Charge") with the EEOC against "Western Best/Orkin, Inc.," which asserted a claim of disability discrimination for failure to provide light duty work as a reasonable accommodation.[3] (**Exhibit 1**; Cp. ¶ 14). On September 28, 2020, following an administrative investigation of the Charge, the EEOC mailed Plaintiff a "Dismissal and Notice of Rights" form (the "Right-to-Sue Notice" or "Notice"), which

---

[2] Though the exact relationship of the Defendants is not germane to the timeliness of this lawsuit, which is the sole issue raised in this Motion, Plaintiff alleges that Western acts "in partnership" with Orkin and that both entities are owned by Rollins. (Cp. ¶ 4).

[3] The Charge also raised claims of race and sex discrimination, which are not included in this lawsuit. Even if Plaintiff included those claims—which arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*—in this lawsuit, Plaintiff's failure to file this lawsuit within 90 days after receiving the Right-to-Sue Notice would mandate dismissal of those Title VII claims as well, as explained below.

informed Plaintiff that the EEOC was closing its file on the Charge.[4] **(Exhibit 2).** The Notice further advised Plaintiff of his right to file a lawsuit based on the Charge and that any such lawsuit must be filed ***within 90 days*** of his receipt of the Notice. (Ex. 2). The Notice stated: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (Ex. 2 (all emphasis in original)).

On February 23, 2021, long after the expiration of the 90-day period, Plaintiff filed this lawsuit in this Court. (ECF 1). Both counts in the Complaint assert claims under the ADA—*i.e.*, Count One asserts a claim of "Failure to Accommodate" under the ADA, and Count Two asserts a claim of "Intentional Disability Discrimination" under the ADA. (Cp., p.4).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss claims in a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss filed under Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, a plaintiff is obligated to "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Giarratano v. Johnson*,

[4] Defendants' attachment of Plaintiff's Charge and his Right-to-Sue Notice as exhibits to this Motion, and the Court's reliance thereon, do not require the Court to convert this motion to dismiss into a motion for summary judgment pursuant to FED. R. CIV. P. 12(c) because those documents are "referred to in the complaint and relied upon by the plaintiff in bringing the action." *Hepburn v. National Center on Institutions and Alternatives, Inc.*, 409 F. Supp. 2d 639 (D. Md. 2006); *see also*, *Phillips v. LCI Internat'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (in ruling on motion to dismiss, court may consider documents that are "integral to and explicitly relied on in the complaint."). Both documents are expressly referred to in the Complaint (Cp. ¶ 14), and both are statutory prerequisites to Plaintiff's right to bring an action under the ADA, as explained above. *See Deabreu*, 2018 U.S. Dist. LEXIS 205455, *6-7 (Chuang, J.) ("Courts may consider facts and documents subject to judicial notice without converting a motion to dismiss into a motion for summary judgment .... The Court therefore takes judicial notice of the official filings of the EEOC to the extent that they reflect the dates of the EEOC determinations and accompanying notices.").

521 F.3d 298, 302 (4th Cir. 2008); *Jackson v. State of Maryland*, 2010 U.S. Dist. LEXIS 64937, at *2 (D. Md. 2010).

Although a court evaluating a motion to dismiss must assume that all facts in the complaint are true, the court need not accept unsupported legal allegations. *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Nor must it accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory assertions are insufficient to satisfy the requirements of Rule 12(b)(6). *See Giarratano*, 521 F.3d at 304. "[I]n order to survive a Rule 12(b)(6) motion to dismiss ..., [a plaintiff] must plead facts sufficient to support a claim for relief." *Ashe v. Giant of Maryland, LLC*, 2007 U.S. Dist. LEXIS 99026, at *12 (D. Md. 2007). The factual allegations "must be enough to raise a right to relief *above the speculative level* … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (emphasis added) ("the pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").

## ARGUMENT

### THE COURT MUST DISMISS THE COMPLAINT BECAUSE PLAINTIFF FAILED TO FILE THIS LAWSUIT WITHIN 90 DAYS AFTER RECEIVING THE EEOC'S RIGHT-TO-SUE NOTICE.

Before filing a lawsuit in court under the ADA, a prospective plaintiff must file an administrative charge of discrimination with the EEOC or a corresponding state or local agency. 42 U.S.C. § 12117(a)[5]; 42 U.S.C. §2000e-5(b); *Woodbury v. Victory Van Lines*, 286 F. Supp.3d 685, 695 (D. Md. 2017) (Chuang, J); *Deabreu v. UPS*, 2018 U.S. Dist. LEXIS 205455, *10 (D.

[5] The procedural pre-requisites to filing a lawsuit are set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII), and the ADA expressly incorporates those Title VII procedural requirements by reference. 42 U.S.C. § 12117(a).

Md. 2018) (Chuang, J). If the EEOC declines to take action on the charge, it will issue a "right-to-sue notice," informing the charging party of its decision and the opportunity to file suit. 42 U.S.C. §2000e-5(f)(1); 29 C.F.R. § 1601.28; *Woodbury*, 286 F. Supp.3d at 695; *Deabreu*, 2018 U.S. Dist. LEXIS 205455, *10. As the EEOC's right-to-sue notice expressly states (Ex. 2), the charging party has 90 days following his/her receipt of the notice to file a lawsuit, and a failure to timely file a lawsuit before that deadline will forever bar the lawsuit. 42 U.S.C. §2000e-5(f)(1); *Woodbury*, 286 F. Supp.3d at 695; *Deabreu*, 2018 U.S. Dist. LEXIS 205455, *10.

Compliance with the 90-day filing period is a condition precedent to a suit under the ADA, and suits filed more than 90 days after receipt of a notice of right-to-sue notice must be dismissed as untimely. *Mann v. Std. Motor Prods.*, 532 Fed. Appx. 417, 418 (4th Cir. 2013); *Birch v. Peters*, 25 Fed. Appx. 122, 123 (4th Cir. 2011). The Supreme Court has emphasized that the 90-day limitations period is strictly enforced:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980), "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law."

*Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Accordingly, an attempt to file suit even one day after the expiration of the 90-day time period will result in dismissal of the lawsuit. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653-54 (4th Cir. 1987) (Title VII suit filed on the 91st day dismissed as time-barred); *Nguyen v. Inova Alexandria Hosp.*, 1999 U.S. App. LEXIS 17978 (4th Cir. 1999) (complaint filed seven days late dismissed).

Here, the EEOC mailed the Right-to-Sue Notice on September 28, 2020. (Ex. 2). The Court presumes that Plaintiff received the Notice three days after it was mailed, pursuant to Fed. R. Civ. P. 6(d). *Ngamby v. Hamburg*, 2015 U.S. Dist. LEXIS 146573, *16 (D. Md. 2015) (Chuang,

J); *Deabreu*, 2018 U.S. Dist. LEXIS 205455, *10. Thus, the Court presumes that Plaintiff received it on October 1, 2020, three days after the September 28 mailing. Based on that receipt date, Plaintiff's deadline to file a lawsuit was 90 days later, which was December 30, 2020. Plaintiff in fact filed this lawsuit on February 23, 2021 (ECF 1), which was 55 days after the deadline. The late filing mandates dismissal of the Complaint.

## CONCLUSION

Because Plaintiff failed to file a lawsuit under the ADA within 90 days after he received the Right-to-Sue Notice, but rather filed it 55 days late, this lawsuit is time-barred and must be dismissed in its entirety.

Respectfully submitted

/s/ *Charles J. Kresslein*

Charles J. Kresslein (Fed. Bar No. 22967)

JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
charles.kresslein@jacksonlewis.com

*Counsel for Defendants*
*Western Industries-North, LLC, Orkin, LLC and Rollins, Inc.*

4814-9803-1599, v. 2