**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **IBRAHIMA DIENG,**<br><br>**Plaintiff,**<br>**v.**<br><br>**WESTERN PEST SERVICES, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 21-cv-0482-TDC** |

**ANSWER TO COMPLAINT**

The Defendants, Western Industries-North, LLC ("Western"), Orkin, LLC[1] ("Orkin") and Rollins, Inc. ("Rollins") (collectively, "Defendants"), through their undersigned counsel, hereby submit this Answer to the First Amended Complaint for Relief from Disability and Race Discrimination in Employment (the "Complaint") filed by Plaintiff Ibrahima Dieng ("Plaintiff"), and state as follows:

Defendants generally deny liability on all claims and all counts. Each paragraph below responds to the numbered and unnumbered paragraphs in the Complaint. Any allegation not explicitly admitted below is hereby denied.

1. In response to the allegations in Paragraph 1 of the Complaint, Defendants admit that Plaintiff was employed as a pest control technician for Western and/or Orkin at relevant times, that he claimed to have suffered injuries to his knee while working, that he filed workers' compensation claims related to such injuries, and that he requested light duty work. Defendants deny the remaining allegations in Paragraph 1 as alleged. Specifically, Defendants deny that

[1] The Complaint incorrectly identifies Defendants Western and Orkin as "Western Pest Services" and "Orkin, Inc.," respectively.

Plaintiff was employed by Rollins, and they deny that they "ignored" Plaintiff's requests for light duty work, that they "refused to do anything," and that they discharged him from employment. Defendants further deny that their actions violated the Americans with Disabilities Act (the "ADA").

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

**JURISDICTION, VENUE AND PARTIES**

3. Paragraph 3 of the Complaint states conclusions of law or mixed conclusions of fact and law that do not require an answer. To the extent that a response is required, Defendants admit that jurisdiction and venue are proper in this Court.

4. In response to the allegations in the first sentence in Paragraph 4 of the Complaint, Defendants admit that Plaintiff was employed by Western and/or Orkin at relevant times. Defendants deny that Plaintiff was employed by Rollins. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence in Paragraph 4. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence in Paragraph 4. In response to the allegations in the third sentence in Paragraph 4, Defendants admit that at various times during his employment, Plaintiff may have used forms, worn uniforms or driven trucks that displayed either Western's or Orkin's name or logo. Defendants deny the remaining allegations in the third sentence in Paragraph 4 as alleged. In response to the allegations in the fourth sentence in Paragraph 5 of the Complaint, Defendants admit that at various times during his employment, Plaintiff may have communicated to officials that had email addresses bearing the domain of either Western or Orkin. Defendants deny the remaining allegations in the fourth sentence of

Paragraph 5 as alleged. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fifth sentence in Paragraph 4.

5. In response to the allegations in the first and second sentences in Paragraph 5 of the Complaint, Defendants admit that they are affiliated entities that are engaged in the business of providing pest control services to residential and commercial customers, and that Western and Orkin are wholly-owned subsidiaries of Rollins. Defendants deny the remaining allegations in the first and second sentences in Paragraph 5 as alleged. The allegations in the third and fourth sentences in Paragraph 5 state conclusions of law or mixed conclusions of fact and law that do not require an answer. To the extent that a response is required, Defendants deny the allegations in the third and fourth sentences in Paragraph 5.

**FACTUAL BACKGROUND**

6. In response to the allegations in the first, third and fourth sentences in Paragraph 6 of the Complaint, Defendants admit that Plaintiff was employed by Western and/or Orkin as a pest control technician at relevant times, and that he serviced buildings in Washington, DC and Maryland at times during his employment. Defendants deny the remaining allegations in the first, third and fourth sentences in Paragraph 6. Defendants admit the allegations in the second sentence in Paragraph 6.

7. Defendants admit the allegations in the first and second sentences in Paragraph 7 of the Complaint. Defendants deny the allegations in the third sentence in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences in Paragraph 9 of the Complaint. In response to the third and fourth sentences in Paragraph 9, Defendants admit that

Plaintiff informed the company that he had suffered an injury to his knee and that a workers' compensation claim was initiated for an alleged injury that Plaintiff claimed to have suffered in 2013. Defendants deny the remaining allegations in the third and fourth sentences in Paragraph 9 as alleged.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences in Paragraph 11 of the Complaint. In response to the allegations in the third sentence in Paragraph 11, Defendants admit that Plaintiff took leave time in 2014 purportedly for the workers' compensation matter. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence in Paragraph 11.

12. In response to the allegations in Paragraph 12 of the Complaint, Defendants admit that Plaintiff returned to work in 2014. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint. In further response, Defendants state that it is customary for employees to receive a certificate of recognition when they have completed five years of service.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second and third sentences in Paragraph 14 of the Complaint. In response to the allegations in the fourth sentence in Paragraph 14, Defendants admit that Plaintiff and took a period of leave in 2015, purportedly for an alleged knee injury. Defendants

are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the fourth sentence in Paragraph 14. In response to the allegations in the fifth sentence in Paragraph 14, Defendants admit that Plaintiff reported to the company that he had suffered another injury to his knee. Defendants deny the remaining allegations in the fifth sentence in Paragraph 14 as alleged.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint.

16. In response to the allegations in Paragraph 16 of the Complaint, Defendants admit that Plaintiff returned to work in or about November 2015. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16.

17. In response to the allegations in the first sentence in Paragraph 17 of the Complaint, Defendants admit that Plaintiff sometimes provided medical information to the company and requested light duty work. Defendants deny the remaining allegations in the first sentence in Paragraph 17, including the allegations that Plaintiff requested a sales position and that the sales representative position is a light duty position. Defendants deny the allegations in the second sentence in Paragraph 17. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence in Paragraph 17.

18. In response to the allegations in Paragraph 18 of the Complaint, Defendants admit that Plaintiff began another period of leave in or about February 2016, purportedly for an alleged knee injury. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18.

19. In response to the allegations in Paragraph 19, Defendants admit that Plaintiff requested that he be assigned to light duty work. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19.

20. In response to the allegations in Paragraph 20 of the Complaint, Defendants deny that light duty positions were available that Plaintiff was qualified and able to perform. Defendants deny the remaining allegations in Paragraph 20 as alleged.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 21 of the Complaint. In response to the allegations in the second sentence in Paragraph 21, Defendants admit that they were aware that Plaintiff was on leave of absence, purportedly for his alleged knee injury. Defendants deny the remaining allegations in the second sentence in Paragraph 21 as alleged.

22. In response to the allegations in the first and second sentences in Paragraph 22 of the Complaint, Defendants admit that Plaintiff requested that he be assigned to light duty work. Defendants deny the remaining allegations in the first and second sentences in Paragraph 22 as alleged, including the allegation that he requested to be assigned to a sales position. In response to the allegations in the third sentence in Paragraph 22, Defendants deny that Plaintiff had participated in sales activity in the course of his employment. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the third sentence in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. In response to the allegations in Paragraph 24 of the Complaint, Defendants admit that Plaintiff was placed on inactive status, that Plaintiff did not earn wages because he was not working, that the company did not offer him assignments because he indicated that he could not

perform the duties of his position, and that Plaintiff stopped communicating with Defendants. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint state conclusions of law or mixed conclusions of fact and law that do not require an answer. To the extent that a response is required, Defendants deny the allegations in Paragraph 27.

28. The allegations in Paragraph 28 of the Complaint state conclusions of law or mixed conclusions of fact and law that do not require an answer. To the extent that a response is required, Defendants deny the allegations in Paragraph 28.

29. The allegations in Paragraph 29 of the Complaint state conclusions of law or mixed conclusions of fact and law that do not require an answer. To the extent that a response is required, Defendants deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 of the Complaint state conclusions of law or mixed conclusions of fact and law that do not require an answer. To the extent that a response is required, Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. The allegations in Paragraph 32 of the Complaint state conclusions of law or mixed conclusions of fact and law that do not require an answer. To the extent that a response is required, Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in the first and second sentences in Paragraph 36 of the Complaint. In response to the allegations in the third sentence in Paragraph 36, Defendants admit that Plaintiff was not paid employee referral bonuses for the employees in question because he did not earn the claimed bonuses. Defendants deny the remaining allegations in the third sentence in Paragraph 36 as alleged. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence in Paragraph 36, since that sentence makes allegations as to what Plaintiff believes.

37. In response to the allegations in Paragraph 37 of the Complaint, Defendants admit that Plaintiff was not paid employee referral bonuses for the employees in question because he did not earn the claimed bonuses. Defendants deny the remaining allegations in Paragraph 37 as alleged.

38. In response to the allegations in Paragraph 38 of the Complaint, Defendants admit that employees are paid a referral bonus if they earn the bonus in accordance with Defendants' policies. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 40 of the Complaint. Defendants deny the allegations in the second sentence in Paragraph 40.

41. Defendants deny the allegations in the first sentence in Paragraph 41 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

43. Defendants deny the allegations in the first sentence in Paragraph 43 of the Complaint. In response to the allegations in the second and third sentences in Paragraph 43, Defendants admit that they were notified of a charge of discrimination that purportedly was filed by Plaintiff with the Maryland Commission on Civil Rights and the U.S. Equal Employment Opportunity Commission (the "EEOC"), that they participated in a fact-finding conference and were represented by counsel during that conference, and that that conference did not result in a settlement of the charge. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the second and third sentences in Paragraph 43.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint. In further response, Defendants state that they received a copy of a notice of right to sue from the EEOC in late September 2020, which indicated that it was mailed to Plaintiff's attorney, and that if Plaintiff's attorney received that notice, Plaintiff failed to file this lawsuit within 90 days thereafter, and thus, this lawsuit is time-barred.

## COUNT ONE
## DISABILITY DISCRIMINATION (Failure to Accommodate)

45. Defendants incorporate by reference all of their admissions, denials and other responses to the allegations in the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

**COUNT TWO**
**INTENTIONAL DISABILITY DISCRIMINATION**

47. Defendants incorporate by reference all of their admissions, denials and other responses to the allegations in the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

**COUNT THREE**
**INTENTIONAL RACE AND/OR NATIONAL ORIGIN DISCRIMINATION IN EMPLOYMENT**

49. Defendants incorporate by reference all of their admissions, denials and other responses to the allegations in the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

**RELIEF**

In response to the unnumbered paragraph under the heading "RELIEF," including all of its subparts (1) through (7), which appears immediately following Paragraph 50 of the Complaint, Defendants deny that Plaintiff is entitled to any form of relief stated in that paragraph, or to any relief whatsoever.

**JURY DEMAND**

The unnumbered paragraph in the Complaint under the heading "JURY DEMAND," which appears immediately following the unnumbered paragraph under the heading "RELIEF," contains no averments of fact that Defendants must admit or deny. Nevertheless, Defendants object to Plaintiff's demand for a jury trial with respect to any claim, issue or element of relief as to which Plaintiff is not entitled to a jury trial as a matter of right.

**DEFENSES[2]**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because he failed to file a lawsuit within 90 days after receipt of a right-to-sue notice by the EEOC.

3. Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies. Specifically, Plaintiff's claims are barred to the extent that the claims in the Complaint arose more than 300 days before Plaintiff filed an administrative charge of discrimination, and they are barred to the extent that they are beyond the scope of Plaintiff's administrative charge of discrimination, including any claim for discrimination on the basis of national origin.

4. Defendants acted without malice or any intent to cause harm to Plaintiff, and they undertook good faith efforts to comply with all applicable laws, including but not limited to the ADA.

5. Plaintiff's recovery of money damages is offset by workers' compensation benefits that he received for the injuries that he claims to have suffered in the Complaint.

6. The claims for relief are barred to the extent that Plaintiff seeks damages or other relief in excess of the limits imposed by applicable law.

7. The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of release, waiver, estoppel, consent, unclean hands, avoidable consequences and/or laches.

8. The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages and/or back-

[2] By pleading the Defenses herein, Defendants do not concede that each of the matters covered by the numbered Defenses is to be proven by Defendants, and Defendants reserve their position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish any alleged damages.

pay losses, if any. In addition, the damages and/or back-pay losses, if any, should be reduced by any and all of Plaintiff's interim earnings.

Defendants will rely on each and every additional defense that may become known to them through the course of litigation, including discovery, trial or otherwise.

Defendants deny that Plaintiff is entitled to any of the relief prayed for, or to any relief whatsoever.

Defendants deny each and every allegation in the Complaint that is not specifically admitted herein.

Defendants reserve the right to amend this Answer to assert different or additional defenses or to amend any of their admissions, denials or other responses.

WHEREFORE, having fully responded to the Complaint, Defendants respectfully requests that the Court dismiss Plaintiff's claims with prejudice, award Defendants their costs and reasonable attorneys' fees incurred in this lawsuit, and allow Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted

/s/ *Charles J. Kresslein*

Charles J. Kresslein (Fed. Bar No. 22967)

JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Phone: (410) 415-2000
Fax: (410) 415-2001
charles.kresslein@jacksonlewis.com

*Counsel for Defendants*
*Western Industries-North, LLC, Orkin, LLC and Rollins, Inc.*

4830-2565-7335, v. 1